Commonwealth *v.* Briggs.

---

## COMMONWEALTH *vs.* PHILANDER S. BRIGGS.

On the trial of an indictment which alleges that the defendant presumed to be, and was, a common seller of wine, brandy, &c. on a specified day, and on divers subsequent days, no evidence is admissible of his presuming to be such seller on any day prior to that which is specified

AN indictment against the defendant alleged that he, "on the first day of January 1846, and on divers days since, at Charlestown, not being first duly licensed then and there as an innholder, common victualler, or seller of wine, brandy, rum, or any other spiritous liquor, to be used in or about his house or other buildings, according to the provisions of the forty seventh chapter of the revised statutes of said Commonwealth, did then and there presume to be, and was, a common seller of wine, brandy, rum, and other spiritous liquors, to be used in and about his house, and the place and building by him actually occupied as a shop in said Charlestown, against the peace," &c.

At the trial in the court of common pleas, before *Cushing,* J.

the attorney for the Commonwealth offered evidence to show that the defendant presumed to be a common seller of wine, brandy, &c. some time within the space of six years previous to the time of the finding of the indictment. To the admission of this evidence the defendant objected; but the objection was overruled. The jury found the defendant guilty, and he alleged exceptions.

*J. Dana & M. G. Cobb,* for the defendant.

*Nelson,* (District Attorney,) for the Commonwealth.

SHAW, C. J. We take the rule to be well settled, in criminal cases, that when a continuing offence is alleged to have been on a certain day, and on divers days and times between that and another day specified, the proof must be confined to acts done within the time. It is equally well settled, that when an offence is alleged to have been committed on a day specified, the day is matter of form to lay the venue, and proof of the offence committed at any time within the statute of limitations will be sufficient to sustain the indictment, except where time enters into the nature of the offence. In the present case, the offence being alleged to have been committed on a day specified, and on divers days since, the proof should have been confined to acts done within the time specified; and it was irregular to admit proof of acts done prior to the day specified, though within the period of the statute of limitations — Rev. Sts. *c.* 136, § 16.

*Verdict set aside, and a new trial granted.*